UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICKIE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV143 CDP |
| | ) | |
| AT&T OPERATIONS, INC., f/k/a | ) | |
| SBC OPERATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Rickie Thomas is suing his former employer, AT&T Operations, alleging race discrimination, disability discrimination, and retaliation in violation of the Civil Rights Act of 1866, the Civil Rights Act of 1964, and the Americans with Disabilities Act. AT&T has moved to dismiss Thomas's complaint, arguing that his claims are barred by the respective statutes of limitation. The parties agree that Thomas's current suit was not filed within the 90-day time limit from the date Thomas received his EEOC right to sue letter, as required by 42 U.S.C. § 2000e-5(f)(1). Thomas argues that the 90 day time limit should be tolled, however, because Thomas was allowed to dismiss without prejudice an earlier (timely-filed) suit arising from the same facts. Because I conclude that Thomas has failed to

meet his burden to show circumstances that would warrant tolling the statute of limitation, I will grant AT&T's motion to dismiss.

## Background

Thomas was employed with AT&T from June of 1999 until August of 2001, and then again from September of 2003 until he was terminated on September 7, 2004. Thomas is an African American male who alleges that he was discriminated against by his employer, was harassed and subjected to a hostile work environment, and was ultimately terminated on account of his race. Thomas also claims that he was discriminated against because of a disability or perceived disability. Thomas filed a charge of employment discrimination with the Equal Opportunity Employment Commission on December 22, 2004, and was issued a right to sue letter on October 23, 2006. Thereafter he filed suit pro se against AT&T on January 25, 2007, within 90 days of having received his right to sue notice. *See* Complaint, *Thomas v. AT&T Operations, Inc.*, No. 4:07CV208SNL (E.D. Mo. Jan. 25, 2007).

The record in that earlier case reflects that Thomas and AT&T had repeated and ongoing discovery disputes. AT&T argued that Thomas failed on numerous occasions to comply with discovery deadlines and refused to provide full and complete answers to discovery requests. Thomas also filed multiple motions with the Court seeking appointment of counsel, but those motions were denied.

Ultimately, on December 28, 2007, AT&T filed a motion to dismiss Thomas's case or in the alternative to compel production of discovery and impose sanctions for discovery violations. In that motion, AT&T suggested that one possible resolution would be to dismiss Thomas's case without prejudice upon condition that he could not re-file suit without first complying with his outstanding discovery obligations and paying AT&T's attorney fees.

Following an in-person meeting with the Court, Thomas responded to AT&T's motion by filing his own pro se motion to dismiss his case without prejudice and without sanctions. The Court granted Thomas's motion on January 31, 2008, and denied all other pending motions (including AT&T's motion for sanctions) as moot. Thomas's claims were thus dismissed without prejudice. By this time, it had been well over a year since Thomas had been terminated from AT&T, and the 90 day period for filing a claim (or re-filing any such claim) had long run.

Thomas, acting through counsel, filed the current suit on January 22, 2009. Thomas's six-count complaint seeks relief under the Civil Rights Act of 1866, the Civil Rights Act of 1964, and the Americans with Disabilities Act. AT&T argues that all counts in Thomas's current complaint are barred by statutes of limitation.

## Discussion

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions.  *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).

As an initial matter, Thomas concedes that Counts I and II of his complaint, brought under the Civil Rights Act of 1866, are subject to the four-year statute of limitations contained in 28 U.S.C. § 1658.  Thomas was terminated in September of 2004, and he did not raise these claims in his earlier suit.  The claims were first made in January of 2009, which is beyond the four year statute of limitations.  Counts I and II are thus untimely, and those counts are properly dismissed from Thomas's complaint.

AT&T next argues that Thomas's remaining Title VII and ADA claims are time-barred by the 90 day rule in 42 U.S.C. § 2000e-5(f)(1).  Thomas responds by arguing that the 90-day limit should be tolled because AT&T affirmatively misled Thomas into dismissing his case without prejudice, knowing as a practical matter

that he would not be able to bring his case again because of the statute of limitations. Because AT&T was represented by counsel and Thomas was acting pro se, Thomas argues AT&T had the upper hand and took advantage of him in order to escape liability for its conduct.

Since the Supreme Court's decision in *Zipes v. TWA, Inc.*, 455 U.S. 385 (1982), it has been well established that "a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court." *Zipes*, 455 U.S. at 393; *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989). Rather, the 90-day time limit acts as a statute of limitation, and is therefore subject to waiver, estoppel and equitable tolling in appropriate circumstances. *Zipes*, 455 at 393; *Hill*, 869 F.2d at 1124; *Smythe v. Potter*, No. 4:05CV1471FRB, 2006 WL 2927545 (E.D. Mo. Oct. 11, 2006).

Having considered Thomas's arguments carefully, I conclude that he has not shown any persuasive reason why equitable tolling or equitable estoppel should apply in this case. Equitable tolling may apply to prolong a filing deadline in instances where an uncounseled plaintiff was subject to the EEOC's mistake of law, *Jennings v. American Postal Workers Union*, 672 F.2d 712, 715 (8th Cir. 1982), or where the defendant conceals facts that would give the plaintiff cause to know of discriminatory conduct, or where the EEOC misleads the plaintiff as to the nature of his rights. *Chappel v. EMCO Machine Works, Co.*, 601 F.2d 1295,

1302-03 (5th Cir. 1979). *See also Hill v. John Chezik Imports*, 896 F.2d 1122, 1124 (8th Cir. 1989) ("Courts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff."); *Bell v. Emerson Elec. Co.*, Civ. No. 82 1130 C (3), 1983 WL 492 (E.D. Mo. Mar. 28, 1983) (cataloging the types of instances in which waiver or equitable tolling is warranted).

Equitable estoppel, on the other hand, will toll a statute of limitations in cases where an employee's failure to file in a timely manner is the result of either a deliberate design by the employer or of actions that the employer should have understood would cause the employee to delay filing the charge. *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir. 1995); *Dunham v. City of O'Fallon*, 945 F. Supp. 1256, 1261 (E.D. Mo. 1996). Equitable estoppel requires affirmative steps by the defendant which effectively prevented the plaintiff from suing within the limitation period. *Garfield*, 57 F.3d at 666; *Smith v. City of Chicago Heights*, 951 F.2d 834, 840 (7th Cir. 1992).

Here, Thomas brought suit with in the limitation period, and was never prevented from litigating his case. AT&T made a motion to the Court that Thomas's case should be dismissed without prejudice, and then Thomas of his own accord moved for the very same. Nothing in AT&T's conduct suggests that AT&T or its counsel acted in a way to affirmatively deceive Thomas or prevent

him from suing within the required time period.  While it is possible that AT&T's counsel may have understood the implications of Thomas dismissing his case after the 90-day window had expired, counsel was under no duty to disclose this information to Thomas.  Had Thomas had a lawyer in his first suit, things might have been resolved differently, but that is not a basis for tolling the statute of limitations.

Thomas filed his initial complaint pro se, and as such he was held "to less stringent standards than formal pleadings drafted by lawyers."  *Ellis v. Butler*, 890 F.2d 1001, 1003 (8th Cir. 1989 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  The Court in fact showed a great deal of leniency toward Thomas as Thomas struggled to comply with discovery obligations and to find a lawyer to represent him.  But the applicable statute of limitations should not be waived merely because Thomas did not understand the consequences of his moving for dismissal.  Thomas was given a full opportunity to prosecute his case in a timely fashion, and he chose not to do so.  *See Baldwin Co. Welcome Center v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").  Thomas's renewed attempt to bring his case after the time has expired must therefore fail.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion [#3] to dismiss is GRANTED, and plaintiff's complaint is dismissed in its entirety. A separate order of dismissal is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of May, 2009.